ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:07CR00395 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | OPINION AND ORDER |
| GEORGE SEIGERS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Withdraw his guilty plea.  For the reasons that follow, Defendant's Motion is denied.

### Background

On June 11, 2007, a complaint was filed against George Seigers ("Defendant") alleging that he brandished and threatened to use a firearm while robbing two banks in Cleveland, Ohio. On the same date Defendant was ordered detained and Attorney Edward G. Bryan of the Federal Defender's Office was appointed as his counsel.  On June 13, 2007, a Detention and Preliminary Hearing was held.  Probable cause was established and Defendant was bound over to the grand jury.

In the succeeding month Defendant's counsel changed several times. On June 20, 2007, retained counsel Attorney John T. Paris entered his appearance as counsel for Defendant, replacing Federal Defender Bryan.  On July 9, 2007, Attorney Harvey B. Brunner filed his Notice of Appearance as counsel for Defendant, replacing Attorney Paris.

On July 18, 2007, Defendant was indicted for two counts of Armed Bank Robbery and

two counts of Brandishing a Firearm During a Crime of Violence. He was arraigned and pled not guilty to these charges on July 31,2007. Defendant thereafter filed a number of pretrial motions, including a Motion to Suppress. On September 4, 2007, the Court held a pre-trial conference at which it established a cut-off date of September 10, 2007, for the acceptance of a plea agreement, and set a suppression hearing and trial date of September 17, 2007.

Despite the Court's plea deadline, on the morning of September 17, 2007, prior to the commencement of the suppression hearing, Defendant indicated his desire to accept a written plea agreement. Following its Rule 11 inquiry, the Court accepted and approved the parties' plea agreement, referring Defendant to the probation department for the preparation of a pre-sentence report and scheduling Defendant's sentencing hearing for November 28, 2007.

On October 7, 2007, the Court received Defendant's hand-written letter advising that he was terminating Attorney Bruner and asking the Court to "set aside" his guilty plea.[1] The letter was docketed on October 10, 2007 as a Motion to Withdraw Guilty Plea. The Court subsequently received a second letter from Defendant repeating his request to withdraw his guilty plea, which it docketed on October 15, 2007 as a second Motion to Withdraw Guilty Plea.

Based upon the Defendant's request and the Motion of Attorney Bruner, new counsel from the Federal Defender's Office was appointed to represent the Defendant. On October 30, 2007, the Court conducted a hearing on Defendant's Motion to Withdraw his guilty plea. Defendant testified in support of his motion. Subsequently, on November 19, 2007, a second hearing was held at which, upon the Court's request, Attorney Bruner appeared and testified.

---

[1] Defendant's first letter is dated September 8, 2007. This predates Defendant's guilty plea, which he entered on September 17, 2007. Defendant testified that the date was in error. (See T.O.P. at p. 14). Instead, he stated that he had written the letter on September 18, 2007, the day after he entered his guilty plea.

Discussion

A defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. *United States v. Spencer*, 836 F. 2d 236, 238 (6th Cir.1987). A defendant may withdraw a guilty plea after the court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R.Crim.P. 11(d)(2)(B). This rule is intended "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994) (internal quotation marks omitted), superseded on other grounds by statute as stated in *United States v. Caseslorente*, 220 F. 3d 727, 734 (6th Cir. 2000). "The defendant has the burden of proving the existence of a 'fair and just reason' supporting the withdrawal of his or her guilty plea." *United States v. Pluta*, 144 F. 3d 968, 973 (6th Cir.1998) (citing *United States v. Bazzi*, 94 F. 3d 1025, 1027 (6th Cir. 1996)).

In determining whether a defendant has shown a "fair and just reason" for withdrawal of his guilty plea, the Court may consider the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F. 3d at 1181. The listed factors are non-exclusive, and no single factor is controlling. *Bazzi*, 94 F. 3d at 1027 (6th Cir. 1996). Where a defendant fails to establish a "fair and just reason" for withdrawing his guilty plea under the first six *Bashara* factors, the Court

need not consider the seventh factor.  *United States v. Alexander*, 948 F. 2d 1002, 1004 (6th Cir. 1991).  In considering the above factors, the Court determines that Defendant has failed to meet his burden to establish a "fair and just reason" for withdrawing his plea.

First, Defendant does not satisfy the Court that he has sufficient explanations for the first two of the *Bashara* factors enumerated above.  It is somewhat unclear when Defendant first sought to withdraw his guilty plea because his first letter to the Court seeking the withdrawal is dated September 8, 2007, which was before his plea was entered.  Because Defendant did not enter his plea until September 17, 2007, the Court accepts his explanation that he erroneously dated the letter September 8, and that it should have been dated September 18, 2007, the day after he entered his plea.  (Transcript of Motion Hearing at p. 14)[2].  Even so, the Court did not receive the letter until October 7, 2007, as reflected by the date stamp.  However, the Court finds that it need not resolve the issue in light of the fact that the remaining *Bashara* factors do not weigh in Defendant's favor.

The third factor, whether the defendant has asserted or maintained his innocence, clearly weighs against Defendant.  He has not asserted or maintained his innocence in any of his motions or letters.  The only representations this Court has heard from Defendant were admissions of guilt when Defendant pled guilty.  "The absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to withdraw his guilty plea." *United States v. Baez*, 87 F.3d 805,809 (6th Cir.1996) (citing *United States v. Saft*, 558 F. 2d 1073,1082 (2d Cir. 1977)).  Accordingly this factor weighs against Defendant.

The circumstances underlying the entry of the guilty plea, the fourth of the *Bashara*

---

[2] There are two hearing transcripts referenced in this Order.  The first is the Transcript of the Plea Hearing, hereafter referred to as "Tr. Plea Hg.", and the second is the Transcript of the Motion Hearing in which Defendant's Motions to Withdraw were argued, hereafter referred to as "Tr. Mot. Hg."

factors, also indicate that Defendant's entry of a guilty plea was fair and just. The plea hearing was conducted on the morning the trial had been scheduled. Despite that fact, the Court went to great lengths to ensure that all aspects of the plea were fully discussed with Defendant. The Court provided Defendant with a copy of the parties' plea agreement as well as a sentencing table, and it fully reviewed each with Defendant. The Court discussed with Defendant his disagreement with a minor portion of the factual basis of the plea (Tr. Mot. Hg. at 23-25), and Defendant indicated that the Court had resolved that issue to his satisfaction. In addition, the Court went to great lengths to ensure that Defendant had sufficient time to discuss his plea agreement fully with his counsel.

> The Court: I'm going to ask you a question, now, sir. Again, I'm going to ask you, just to be candid, you were brought forward here this morning about 8:30 into the courthouse, it is now approximately 10:30, and I purposely set aside as much time as you needed to review the plea agreement and to discuss it with your attorney.
>
> Do you need any more time or have you had enough time?
>
> Defendant: I've had enough time.

(Tr. Plea Hg. at 26).

In his two pro-se letters to the Court, Defendant sets forth various reasons for his attempted withdrawal of his guilty plea, none of which are credible or are supported by any evidence before the Court other than Defendant's self-serving declarations. Those reasons are as follows: (1) He was given misleading information by his attorney regarding his suppression motion; (2) he was mentally coerced by his attorney to enter a guilty plea; and (3) he did not "fully understand the ramifications of [his] guilty plea." In his letter docketed October 10, 2007, Defendant reiterates these assertions and also provides one additional reason, namely that his attorney advised him if he did not plead guilty the "prosecutor was gonna [sic] come down on

[his] fiancé [sic] and her girlfriend real hard [sic]" and that "the prosecutor was going to indict [his] girlfriend."

These assertions are not borne out by the record in this case.  First, the record reflects that there was no misunderstanding regarding the status of Defendant's Motion to Suppress.  At the beginning of the Court's plea colloquy, the Court stated that the proceeding before it was a suppression hearing and a subsequent trial, but noted that it understood that the government and Defendant had reached a plea agreement.  It then addressed Defendant:

> The Court: With regard to this matter, sir, of course you know today we scheduled a hearing on your motion to suppress.  That issue will be waived by virtue of this plea.  Do you understand that?
>
> Defendant: Yes Sir.

(Tr. Plea Hg. at 17).  Regardless of what his attorney may have told Defendant, the Court made it clear to Defendant that his Motion to Suppress was being waived because of his desire to plead guilty to the charges against him.

Moreover, when Defendant heard the recitation of the facts upon which the charges were brought, he objected to that rendition.  He insisted to the Court that certain facts were other than the government had presented, and the Court both heard and acknowledged his modifications.

> The Court: Mr. Seigers, I heard you voice some disagreement with the facts.
>
> Defendant: Yeah, there was some of it; most of them were true but there was some of them that wasn't true.
>
> The Court: Which ones do you disagree with?
>
> Defendant: The one I disagree with the fact I didn't stuff any money into my pants.  I put money into the glove compartment of the car.
>
> . . .
>
> The Court: So you would dispute that, is what you are saying essentially.

| | |
|---|---|
| Defendant: | Yes, sir. |
| The Court: | You don't dispute the fact that the robberies were committed? |
| Defendant: | No.  I'm just saying that's not true. |
| The Court: | All right.  And I'll take that into consideration. |

(Tr. Plea Hg. at 23-25).

Defendant took issue with particular facts, but expressly did not dispute the occurrence of the underlying offense.  He clearly understood, despite his subsequent protestations to the contrary both in his motions and in the motions hearing, that he was not bound to assent to everything taking place in the plea hearing.  Further, the Court repeatedly asked Defendant whether he was voluntarily waiving the rights that the Court explained to him, and whether his plea was voluntary.  He continually affirmed that his waivers and his plea were voluntary.  At no point did he indicate any concern for his fianceé.  A close review of both transcripts and the circumstances surrounding Defendant's plea indicate that the assertions he made subsequent to his plea are not meritorious and do not support his Motion to Withdraw his plea.

Similarly, the fifth and sixth factors, namely his nature and background and his experience with the criminal justice system, weigh against Defendant's Motion to Withdraw.  It is clear from the transcripts of the proceedings and from Defendant's filings that he is not uneducated, and his record reflects that he has received his G.E.D., an indicator of high-school level academic skills.  His interaction with the Court during both hearings indicates that he understood the proceedings and that he was articulate.  However, during the hearing on his Motion to Withdraw, the Court could only conclude that Defendant was not credible, and that his version of events was not supported by the facts before the Court.

Defendant has a long criminal history, and has already been imprisoned for over thirty

years for various offenses, including offenses of violence.[3] His exposure to and experience with the criminal justice system is indisputably substantial. The Court therefore finds that both his background and his experience do not weigh in his favor in considering the Motion to Withdraw. Having considered each of the first six *Bashara* factors, the Court finds that Defendant has failed to demonstrate a fair and just reason for seeking to withdraw his plea.

The seventh and final *Bashara* factor is the prejudice that will result to the government should Defendant's motion be granted. Because Defendant has failed to demonstrate a fair and just reason for the withdrawal of his plea, the Court is not required to consider this factor. *See Alexander*, 948 F.2d at 1004. Were it to do so, it could only find that the government would be prejudiced, having prepared to take this case to trial once and having called its witnesses for that purpose, only to have Defendant seek to plead guilty on the morning of trial. Defendant has been granted much lenience by this Court, often at the government's expense, to include permission to plead on the day of trial and an extensive plea hearing in which the Court took great pains to ensure that Defendant understood his rights. Defendant's motion is therefore DENIED.

IT IS SO ORDERED.

DATED: January 29, 2008            s/ John R. Adams
                                   UNITED STATES DISTRICT JUDGE

---

[3] The Pre-Sentence Investigation Report prepared in this matter indicates that Defendant was convicted in 1971 of Armed Robbery and Rape, for which he served approximately 8 years in prison, and was convicted in 1983 of Aggravated Robbery, for which he served approximately 23 years in prison.